UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip A. Hansen, # 192632, | ) |
| | ) |
| Petitioner, | ) |
| | ) C/A No. 6:13-1059-RMG-KFM |
| vs. | ) |
| | ) **Report and Recommendation** |
| Warden, Wateree River Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

### *Background of this Case*

Petitioner is an inmate at the Wateree River Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Petitioner seeks a writ of mandamus with respect to his closed habeas corpus action, *Phillip Hansen v. Warden, Wateree River Correctional Institution*, Civil Action No. 6:11-2670-RMG-KFM, wherein Petitioner challenged his conviction for first-degree burglary and a fifteen-year sentence entered in the Court of General Sessions for Sumter County. Petitioner seeks a writ of mandamus to include an additional ground relating to the search warrant in his criminal case. In his prayer for relief, Petitioner seeks a hearing in his closed habeas corpus action, a writ of mandamus, and an order "to free" Petitioner from "his unconstitutional confinement."

The petition for writ of habeas corpus in C.A. No. 6:11-2670-RMG-KFM was served upon Respondent. After Petitioner responded to the motion for summary judgment, the undersigned on July 27, 2012, recommended that Respondent's motion for summary

judgment be granted (ECF No. 32 in C.A. No. 6:11-2670-RMG-KFM). After receiving an extension of time, Petitioner filed timely written objections to the Report and Recommendation. On August 24, 2012, the Honorable Richard M. Gergel, United States District Judge, adopted the Report and Recommendation, granted summary judgment to Respondent, and denied a certificate of appealability (ECF No. 42 in C.A. No. 6:11-2670-RMG-KFM). No appeal was filed in that case. This Court may take judicial notice of Civil Action No. 6:11-2670-RMG-KFM. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F.Supp.2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

This Court cannot issue a writ of mandamus against Respondent because Respondent is a state official. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587–88 (4th Cir. 1969) (federal courts lack jurisdiction to issue writ of mandamus directed at state officials).

Insofar as Petitioner is seeking a writ of mandamus to direct this district court to consider his new ground, Petitioner has filed his mandamus petition in the wrong court. Writs of mandamus directed at a federal district court must come from a higher federal court. *See Rochester v. United States*, C.A. No. 6:12-0586-RBH-KFM, 2012 WL 2803754, at *3 (D.S.C., Apr. 2, 2012), *adopted by* 2012 WL 2808205 (D.S.C. July 10, 2012).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."). Hence, Petitioner must seek leave from the United States Court of Appeals for the Fourth Circuit. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.").

### *Recommendation*

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without requiring Respondent to file an Answer or other response. Petitioner's attention is directed to the important notice on the next page.

April 23, 2013                                             s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).