RECEIVED
USDC, CLERK, CHARLESTON, SC
2013 MAY 31  A 10: 40

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip A. Hansen, #192632, | ) | Civil Action No. 6:13-1059-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Wateree River Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court deny Petitioner's petition for a writ of mandamus. (Dkt. No. 8). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Petitioner is currently an inmate at the Wateree River Correctional Institution of the South Carolina Department of Corrections serving a fifteen-year sentence following his conviction for first-degree burglary. Petitioner previously filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In that matter, the Court ultimately adopted the R&R of the Magistrate Judge granting summary judgment to the Respondent and denying a certificate of appealability. (Dkt. No. 42 in C.A. No. 6:11-2670-RMG). Petitioner subsequently filed this *pro se* petition for writ of mandamus with respect to his prior § 2254 petition to include an additional ground relating to the search warrant that was issued in his criminal case. (Dkt. No. 1). In his prayer for relief, Petitioner is seeking a hearing in his closed habeas action and an order "to free" Petitioner from "his unconstitutional confinement." (Dkt. No. 1 at 3). In accordance with 28 U.S.C.

1

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. The Magistrate Judge then issued an R&R recommending the Court dismiss the present action without prejudice. (Dkt. No. 8). Petitioner has not filed any objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

2

## Law/Analysis

After review of the record and R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. (Dkt. No. 8). The Magistrate Judge properly found that the Court cannot issue a writ of mandamus against a state official, *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969), and that a petition for a writ of mandamus directed at a district court must be filed with a higher federal court, *Rochester v. Roberts*, C.A. No. 6:12-586-RBH-KFM, 2012 WL 2803754, at *3 (D.S.C. Apr. 2, 2012), *recommendation adopted by* 2012 WL 2808205. Finally, the Court agrees that before Petitioner may file a second or successive application for relief under § 2254, he must first obtain authorization by a panel of the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the Magistrate Judge's R&R as the order of the Court. (Dkt. No. 8). Accordingly, Petitioner's mandamus petition (Dkt. No. 1) is **DISMISSED** without prejudice and without requiring Respondent to file an answer or other response.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 30, 2013
Charleston, South Carolina

3